IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHANGHAI CONTAKE CHEMICALS, LTD. | ) ) ) | |
| Plaintiff | ) ) ) | No. |
| v. | ) ) | Judge: |
| GREN AUTOMOTIVE, INC. | ) ) ) | |
| Defendant | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHANGHAI CONTAKE CHEMICALS, LTD., by and through it's attorneys, Clausen Miller P.C., complains of Defendant GREN AUTOMOTIVE, INC., and states as follows:

### Parties

1. Shanghai Contake Chemicals Co., Ltd. (hereinafter "Contake") is a Chinese company. It is incorporated under the laws of China, and has its central office in Shanghai, People's Republic of China.

2. Gren Automotive, Inc. (hereinafter "Gren") is an American corporation. It is incorporated under the laws of New Jersey, and has its principal office in Somerset, New Jersey.

### Jurisdiction and Venue

3. This court's personal jurisdiction over Gren is properly obtained pursuant to Gren's corporate citizenship in New Jersey.

4. This court's subject matter jurisdiction is properly obtained pursuant to Article III, §2 of the United States Constitution and to 9 U.S.C. §203, conferring "arising under" jurisdiction

1221106.1

for claims falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

5. Venue is properly obtained in the District of New Jersey pursuant to 9 U.S.C. §204.

## General Allegations

6. On March 20, 2006 and March 27, 2006, Contake and Gren entered into two Contracts for the Sale and Purchase of Goods (hereinafter "the Contracts"). (See Contake/Gren March 20, 2006 Contract, and Contake/Gren March 27, 2006 Contract, true and accurate copies of which are attached hereto as Exhibit "A"[1]).

7. By the terms of the Contracts, Gren was to pay a deposit of $51,984 for the goods, which would be applied toward the total contract price of $346,560. (See Exhibit "A").

8. Contake delivered the goods in accordance with its obligation under the Contracts. Gren paid $51,984 to Contake, the amount of the agreed-upon deposit. However, thereafter, Gren breached the Contracts by refusing to pay the remainder of the purchase price. Contake sought payment on multiple occasions.

9. All of Contake's requests for payment were disregarded by Gren.

10. The Contracts further provided:

> Arbitration. All disputes in connection with this Agency Agreement, or the execution thereof, shall be settled by negotiation. In case no settlement can be reached, the case under dispute shall then be submitted for arbitration to the Foreign Trade Arbitration Commission of the China Council for the Promotion of International Trade – Beijing in accordance with the "Professional Rules of Procedure of the Foreign Trade Arbitration Commission

---

[1] The attached original Contracts are those that Contake signed. Gren is in possession of the original Contracts it signed.

For purposes of filing electronically, the Contracts attached hereto are copies. The originals will be paper-filed with the Court, in compliance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

of the China Council for the Promotion of International Trade." The decision by the Commission shall be accepted as final and binding upon both parties. . . . .

11. Due to Gren's aforementioned breach of the Contracts, Contake filed an application with the agreed-upon Arbitration Commission (hereinafter the "CIETAC") on March 8, 2007, in accordance with the terms of its Contracts with Gren. The CIETAC held an arbitration hearing, which began on August 8, 2007. Gren participated during the hearing through counsel. On October 26, 2007, the CIETAC issued a decision, finding in favor of Contake. The arbitration tribunal entered a judgment ordering Gren to pay the following to Contake:

    (a)    $294,576, for the remaining price on the contract;

    (b)    $15,156.35, for losses incurred as a result of the breach, and interest, calculated at 5.6% annually on the unpaid contract price;

    (c)    $7,350 in attorney fees spent on securing the arbitration award;

    (d)    $10,746 in the arbitration fee, which was paid in advance by Contake.

(See the October 26, 2007, Certified Arbitral Award, a true and accurate copy of which, including a copy of the certified English translation, is attached hereto as Exhibit "B"[2]).

12. Despite the CIETAC's aforementioned decision, Gren refused to pay the judgment.

13. In 2008, Gren sought to have the CIETAC arbitral award reversed, and filed an action in the Beijing No. 2 Intermediate People's Court of People's Republic of China (hereinafter "Beijing Court"), alleging that the arbitration procedure was inconsistent with the arbitration rules. (See Certified Civil Ruling by Beijing No. 2 Intermediate People's Court of

---

[2] For purposes of filing electronically, the Certified Award and certified translation attached hereto are copies. Those documents originally certified will be paper-filed with the Court, in compliance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

1221106.1

People's Republic of China, a true and accurate copy of which, including a copy of the certified English translation, is attached hereto as Exhibit "C"[3]).

14. A trial was held by the Beijing Court, and at the conclusion of the trial, the Court issued a ruling affirming the CIETAC's aforementioned decision. (See Exhibit "C").

15. Despite the Beijing Court's ruling, Gren has still refused to pay the aforementioned award, ordered by the CIETAC, to Contake.

## COUNT I- ENFORCEMENT UNDER THE NEW YORK CONVENTION AND THE FEDERAL ARBITRATION ACT

16. Contake restates and incorporates the allegations in paragraphs 1-16, as and for its allegations in paragraph 17.

17. Contake and Gren entered into an agreement in writing, in which they agreed to submit to the CIETAC any and all differences and disputes that arose between them in connection with the Contracts. (See Exhibit "A").

18. The parties participated in an arbitration, and Contake obtained the aforementioned arbitral award from the CIETAC, a permanent arbitral body. (See Exhibit "B")

19. Pursuant to Articles III and IV of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and pursuant to the Federal Arbitration Act, Contake is entitled to confirmation and enforcement of the aforementioned CIETAC award. (See 9 U.S.C. §207).

## COUNT II- ENFORCEMENT UNDER THE NEW JERSEY ARBITRATION ACT

21. Contake restates and incorporates the allegations in paragraphs 1-16, as and for its allegations in paragraph 21.

---

[3] For purposes of filing electronically, the Certified Civil Ruling and certified translation attached hereto are copies. Those documents originally certified will be paper-filed with the Court.

22. Contake asserts a separate federal jurisdictional basis for this Court's enforcement under the New Jersey Arbitration Act, for the reasons that:

    (i)    Contake is a Chinese Corporation;

    (ii)    Gren is a New Jersey Corporation; and

    (ii)    The amount of the CIETAC arbitral award at issue exceeds $75,000, pursuant to 28 U.S.C. §1332.

23. The New Jersey Arbitration Act provides, in relevant part: "After a party to an arbitration proceeding receives notice of an award, the party may file a summary action with the court for an order confirming the award, at which time the court shall issue a confirming order..." N.J.S.A. 2A: 23B-22.

24. Pursuant to N.J.S.A. 2A: 23B-22, Contake is entitled to confirmation of the CIETAC award and entry of judgment, in accordance with N.J.S.A 2A:23B-25.

WHEREFORE, the Plaintiff, SHANGHAI CONTAKE CHEMICAL, LTD requests that this Honorable Court enter judgment in its favor in the amounts noted above, together with interest, fees, and costs, and for any other such relief that this Court deems just and appropriate.

Plaintiff demands trial by jury.

_____
CHRISTOPHER T. SCANLON (CS 6465)
Clausen Miller, P.C.
Attorneys for Plaintiff
SHANGHAI CONTAKE CHEMICAL, LTD.
One Chase Manhattan Plaza
New York, New York 10005
(212) 805-3900

1221106.1