NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
SHANGHAI CONTAKE CHEMICALS,        :
LTD.,                              :
                                   :
         Plaintiff,                :    Civil Action No. 08-6209 (JAP)
    v.                             :
                                   :    **OPINION**
GREN AUTOMOTIVE, INC.,             :
                                   :
         Defendant.                :
_____:

PISANO, District Judge:

Presently before the Court is Plaintiff Shanghai Contake Chemicals, Ltd.'s ("SCC") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), in its action to confirm a Chinese arbitration award issued against Defendant Gren Automotive, Inc. ("Gren"). For the reasons that follow, Plaintiff's motion for judgment on the pleadings is granted and the arbitration award is confirmed.

**I.      Background[1]**

This case arises out of a breach of contract for the sale of goods between SCC, a Chinese company, the seller, and Gren, a New Jersey Corporation, the buyer. In 2005 and 2006, SCC and Gren entered into a series of contracts, including SHGRG060002 ("Contract 2") and SHRG060003 ("Contract 3"), for the sale and purchase of goods. Both contracts contained an arbitration clause requiring that all disputes be submitted to binding arbitration before the China International Economic and Trade Arbitration Commission ("CIETAC").

---

[1] Unless otherwise noted, all facts are taken from the English translations of the arbitration award issued by China International Economic and Trade Arbitration Commission ("CIETAC") on October 26, 2007 and the opinion of the Beijing No. 2 Intermediate People's Court of the People's Republic of China (the "Beijing Court") on September 17, 2008. Pl. Brief, Exhibit A.

1

Payment disputes arose between SCC and Gren.  In March, 2007, SCC filed an application for arbitration before the CIETAC seeking payment for goods that it shipped to Gren. At the arbitration, Gren claimed that it had paid in full for all goods received pursuant to Contract 2 and Contract 3.  Gren also attempted to raise a number of counterclaims, which the panel did not accept after determining that they arose under a contract not at issue in the payment dispute.  After two hearings on the matter, a three person panel found that SCC had shipped goods to Gren for which it never received payment under both Contact 2 and Contract 3.  The panel concluded that Gren owed SCC $294,576.00 for the goods shipped, plus 5.6% on the outstanding balance calculated from 30 days after delivery of the goods.  Additionally, the panel awarded SCC $7,350.00 in attorneys' fees and 95% of the arbitration fees previously paid.  The arbitration award was issued on October 26, 2007 (the "First Award").

Gren sought review and reversal of the arbitration award in the Beijing No. 2 Intermediate People's Court of the People's Republic of China (the "Beijing Court").  Gren argued that it was given insufficient time to respond to the arbitration notice, and that the arbitration panel improperly refused to hear its counterclaims.  The Beijing Court held a trial, and on September 17, 2008, issued its opinion confirming the award issued by CIETAC.

Gren also filed a second arbitration application before CIETAC seeking relief on unrelated claims against SCC.  Again, CIETAC found against Gren and entered an award in favor of SCC dismissing all of Gren's claims (the "Second Award").  Gren did not challenge this award in the Beijing Court.

On December 17, 2008, SCC filed a complaint in this Court seeking to confirm the First Award. (Docket Entry No. 1).  On January 13, 2009, Gren filed its answer and counterclaims denying the allegations contained in SCC's complaint and, for the first time, arguing that the

arbitration clauses were unenforceable because Contract 2 and Contract 3 were forged. (Docket Entry No. 3). Gren also asserted counterclaims seeking vacation of the arbitration award, for breach of contract, for breach of the covenant of good faith and fair dealing, and for breach of warranty. Gren later voluntarily dismissed its counterclaims without prejudice. (Docket Entry No. 19). On August 28, 2009, SCC filed the instant motion for judgment on the pleadings. (Docket Entry No. 15). Gren opposes the motion. (Docket Entry No. 18).

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed provided the motion is made early enough in the proceeding so as not to delay trial. Judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no material issue of fact remains to be resolved and [plaintiff] is entitled to judgment as a matter of law." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988) (quoting *Soc'y Hill Civic Ass'n v. Harris,* 632 F.2d 1045, 1054 (3d Cir. 1980)). When deciding a motion for judgment on the pleadings, a court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.*

## III. Analysis

Arbitration awards issued by foreign arbiters are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). The United States is a signatory to the Convention and has incorporated its provisions at 9 U.S.C. § 201, *et. seq.* 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter."). The Convention's principal purpose is to "encourage the recognition and

enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Admart AG v. Stephen and Mary Birch Found., Inc.*, 457 F.3d 302, 307 (3d Cir. 2006) (quoting *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n. 15, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)).  Therefore, "a district court's role is limited – it must confirm the award unless one of the grounds for refusal specified in the Convention applies to the underlying award."  *Id.* (citing *Compagnie Noga D'Importation et D'Exportation S.A. v. The Russian Fed'n,* 361 F.3d 676, 683 (2d Cir.2004)).

Grounds for refusal are found in Article V of the Convention.  Article V provides that:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
>
> *(a)* The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> *(b)* The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> *(c)* The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
>
> *(d)* The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

> *(e)* The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
>
> 2.      Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:
>
> *(a)* The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
>
> *(b)* The recognition or enforcement of the award would be contrary to the public policy of that country.

In addition to the grounds for refusal articulated in the Convention, the Third Circuit has held that "a district court should refuse to enforce an arbitration award under the Convention where the parties did not reach a valid agreement to arbitrate, at least in the absence of a waiver of the objection to arbitration by the party opposing enforcement." *China Minmetals Materials Imp. and Exp. Co., Ltd. v. Chi Mei Corp.*, 334 F.3d 274, 286 (3d Cir. 2003).

In this case, Gren is not asserting any of the defenses found in Article V. Instead, it alleges, for the first time, that Contract 2 and Contract 3 are both forged documents. Gren argues that in light of its forgery allegations, judgment on the pleadings is inappropriate under *China Minmentals*. This Court disagrees.

In *China Minmentals*, the plaintiff brought suit in the district court to enforce an arbitration award issued by CIETAC. *Id.* at 278. The defendant opposed enforcement of the award on the ground that the underlying agreement was forged, and therefore, not enforceable. The defendant had asserted its forgery defense at every stage of the litigation. *Id.* The defendant repeatedly objected to the arbitrators' jurisdiction during the arbitration proceeding and submitted evidence showing that the contracts containing the arbitration clause were forged. *Id.*

Nonetheless, the district court summarily entered judgment in favor of the plaintiff confirming the award. *Id.*

On appeal, the Third Circuit concluded that when "[r]ead as a whole, …, the Convention contemplates that a court should enforce only valid agreements to arbitrate and only awards based on those agreements," and held that a district court should not enforce foreign arbitration awards where the parties did not have a valid agreement to arbitrate absent "a waiver of the objection to arbitration by the party opposing enforcement." *Id.* In reaching this conclusion, the *China Minmentals* Court distinguished between parties who assert the defense that no valid arbitration agreement exists from the outset and parties who first raise the issue when the prevailing party seeks enforcement, noting that courts have enforced arbitration awards under the Convention when the party opposing enforcement participated in the arbitration and failed to raise the defense that no valid arbitration agreement existed until enforcement proceedings had commenced. *China Minmentals, supra,* 334 F.3d at 284-85.

In this case, Gren argues that it did not assert a forgery defense before CIETAC or the Beijing Court because "it would be futile to argue the forgery issue under the Chinese Arbitration Law." Liu Certification at 16. Gren's argument is disingenuous at best. The Arbitration Law of the People's Republic of China allows a party to challenge the validity of an arbitration agreement. Article 20 explicitly provides

> Whereas parties concerned have doubt on the validity of an agreement for arbitration, a request can be made to the arbitration commission for a decision or to the people's court for a ruling. If one party requests the arbitration commission for a decision while the other party requests the people's court for a ruling, the people's court shall pass a ruling. A doubt to the effectiveness of an arbitration agreement should be raised before the first hearing at the arbitration tribunal.
>
> Arbitration Law of the People's Republich of China, http://cn.cietac.org/english/laws/laws_5.htm.

The rules governing CIETAC also provide a mechanism for challenging the validity of an arbitration agreement.  Article 6 of the CIETAC Arbitration Rules states "[t]he CIETAC shall have the power to determine the existence and validity of an arbitration agreement and its jurisdiction over the case.  The CIETAC may, if necessary, delegate such power to the arbitral tribunal."  CIETAC Arbitration Rules, http://cn.cietac.org/english/rules/rules.htm.  A party must raise its objection to an arbitration agreement in writing prior to "the first oral hearing held by the arbitral tribunal." *Id.*

Gren chose to fully participate in the arbitration proceeding before CIETAC, and appealed CIETAC's decision to the Beijing Court, without once challenging the validity of the contracts or the arbitration agreements contained therein.  Therefore, this Court finds that Gren cannot maintain a forgery defense under *China Minmentals* because it has waived its right to challenge the validity of the underlying arbitration agreement.

**IV.     Conclusion**

For the reasons above, Plaintiff's motion for judgment on the pleadings is granted and the arbitration award issued by CIETAC is confirmed.   An appropriate Order accompanies this opinion.


                                                            /s/ JOEL A. PISANO
                                                            United States District Judge

Dated: December 1, 2009